UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWEN FJELLMAN,
et al.,
        Plaintiffs,                CIVIL ACTION NO.  06-CV-14470-DT

 VS.                                DISTRICT JUDGE DAVID M. LAWSON

FOREST HILL                  MAGISTRATE JUDGE MONA K. MAJZOUB
COOPERATIVE,
        Defendant.
                             /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND
## GRANTING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on two discovery motions. Defendant Forest Hill Cooperative filed a Motion to Compel Discovery on May 22, 2007. (Docket no. 15). Plaintiffs filed a Motion for Protective Order on the same day. (Docket no. 16). The parties have responded to each motion. (Docket nos. 18, 19). The Court head oral argument on June 20, 2007. These motions were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 17). The motions are now ready for ruling.

A.    *Facts and Claims*

Plaintiffs are two minor children and their mother. Defendant is the housing cooperative where they reside. Plaintiffs allege that Defendant discriminated against them by failing to provide reasonable accommodation (by not evicting them as planned) for one of the minor children, 8-year old Zachary Campbell. Zachary allegedly suffers from Attention Deficit Hyperactivity Disorder, Fetal Alcohol Syndrome, and Oppositional Defiant Disorder. Zachary allegedly burglarized a neighbor's apartment which led to the eviction notice being issued on June 26, 2006. Plaintiffs raise claims under the Fair

Housing Act, the Michigan Persons With Disabilities Civil Rights Act, and Section 504 of the Rehabilitation Act. Defendant counterclaims for termination of Plaintiffs' tenancy.

On March 8, 2007 Defendant served notice of a deposition of Zachary scheduled for April 30, 2007. On April 25, 2007 Plaintiffs' counsel objected to the deposition. Counsel also objected to Plaintiff Gwen Fjellman signing medical and educational releases for Zachary's records unless a protective order was entered. The parties could not agree on an appropriate protective order or on the deposition of Zachary. At Gwen Fjellman's April 30 deposition, she refused to sign authorizations for the release of Zachary's medical and school records which were directed to 21 different entities.

At oral argument, the parties had agreed that Plaintiff Fjellman would sign authorizations for the release of Zachary's medical and educational records subject to a protective order. They summarized the terms of the protective order for the Court. The Court found that the terms were not sufficiently clear and notified the parties that this issue would be determined by the Court in this Order. The parties had not agreed on whether Zachary could be deposed. Accordingly, these are the two issues before the Court for decision.

  B.  *Standard of Law*

Rule 26, Fed. R. Civ. P., sets the scope of discovery. Rule 26 also allows the Court to issue protective orders for good cause shown to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Plaintiffs have the burden of showing good cause for a protective order and must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought. *Nix. v. Sword*, 11 Fed. App'x 498 (6th Cir. 2001). Rule 37, Fed. R. Civ. P., allows the Court to issue a motion compelling a party to respond to discovery or attend his deposition.

  C.  *Release of Zachary's Records*

The parties agree that the records at issue of Zachary are relevant to the issues of the case and that discovery is proper as to these records. The only obstacle is the wording of the protective order pursuant to which these records will be kept private. The parties at oral argument revealed that they had agreed that the records would be produced to Defendant's counsel and that "pertinent parts" of the records, but not the entirety of the records, could be disclosed to Defendant Forest Hill Cooperative and its insurer. The Court expressed its concern that the parties may in the future disagree on what was "pertinent" under the terms of such an order. Accordingly, the Court will define the terms of the protective order under which these records will be protected in this Order.

Plaintiffs have not shown that these records are protected by any privilege. They are therefore discoverable under Fed. R. Civ. P. 26. The records are, however, of such a nature that some protective measures should be taken to ensure that only the persons having a legitimate need to see the records has access to them. The parties are therefore instructed to draft and submit to the Court a stipulated protective order for these records. The order should allow copies of the records to be distributed only to the parties, their representatives, and employees and insurers. The order should also provide that all copies of these records are to be either destroyed or returned to Plaintiffs' counsel at the close of this action. The parties may incorporate other similar limitations in the order but not limitations that require the determination of "pertinent" documents. Accordingly, Defendant's Motion to Compel Plaintiff Fjellman to sign the releases at issue will be granted, and Plaintiff's Motion for a Protective Order will be granted to the extent that the protective order will also be entered.

### D.     *Zachary's Deposition*

Plaintiffs argue that Zachary's deposition should not be taken to prevent embarrassment, undue hardship, and oppression. Plaintiffs contend that Zachary is 8 years old but functions at the cognitive level of a 4-year-old child. He supposedly does not understand the significance of the proceedings,

3

cannot understand the significance of an oath, and lacks the ability to accurately recall and relay information. Plaintiffs contend that he would not be competent to testify under the Federal Rules of Evidence.

Rule 31(a)(1) allows a party to take the deposition of any person including a party. Because it is Zachary's alleged conditions that form the basis of Plaintiffs' claims, his deposition may lead to admissible evidence even if he is not competent to testify.

Therefore, the question is whether Plaintiffs have carried their burden of showing that this deposition should not occur. "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Even for an extended stay of a deposition courts have required more than a conclusory statement from a physician. *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988).

Plaintiffs present two letters to support their argument that Zachary's deposition should not occur. The first is from a physician at the Center for Human Growth and Development. (Docket no. 16, ex. A). It states that Zachary has been diagnosed with Alcohol Related Neurodevelopmental Disorder. He receives special education services. The report goes on to set out Zachary's levels of cognitive/perceptual abilities and communication skills, which appear to be very low. The second letter is from a social worker with Youth & Family Services. (*Id.* ex. B). That letter says that Zachary has been participating in individual and family counseling since July 2006. The letter further states that Zachary has a well-documented history of behavior problems stemming from fetal alcohol syndrome. The social worker says that during his one year contact with Zachary he has demonstrated behaviors consistent with FAS, ADHD, oppositional-defiant disorder, and disrupted attachment stemming from his two

4

foster care placements. The letter concludes by stating that it would "not be productive or helpful to all parties concerned" to subject Zachary to a deposition.

On the other hand, Zachary's mother testified during her deposition that Zachary knows the difference between a truth and a lie although he doesn't always tell her the truth. (Docket no. 19, ex. A). She said that Zachary "sometimes" knows the difference between right and wrong. (*Id.*)

Zachary clearly has problems, but Plaintiffs have not shown that subjecting Zachary to a deposition will result in any clearly defined and serious injury. *See Nix,* 11 Fed. App'x 498. Plaintiffs have also failed to show that any extraordinary circumstances exist that cannot be adequately addressed by placing conditions on Zachary's deposition. Finally, Plaintiffs have not shown that Zachary would be incompetent to testify at trial. Even if he were, Plaintiffs have not shown that this should prevent Zachary from being deposed. Even though his testimony might not be admissible at trial, his deposition could lead to admissible evidence. Therefore, Plaintiffs have not shown that a protective order precluding his deposition should be entered.

However, the Court is convinced that some special procedures are required to prevent the deposition from becoming an undue hardship for Zachary. First, the parties will agree on the place and time of the deposition. Second, the parties to this action and counsel are the only persons who may be present during the deposition. Third, Plaintiff Fjellman may be present but may not interfere with the substantive questioning during the deposition. Fourth, the deposition will be limited to no longer than 60 minutes. Fifth, Defendant's counsel will liberally allow Zachary to take breaks during the deposition, if requested. Finally, Defendant should notice the deposition for a date on or before July 20, 2007. The Court finds that these conditions will prevent the deposition from becoming an undue burden for Zachary while maintaining Defendant's right to take the deposition.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (docket no. 15) is **GRANTED** as set out above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Protective Order (docket no. 16) is **GRANTED IN PART** as set out above.

**IT IS FURTHER ORDERED** that the parties will submit to the Court a stipulated protective order on or before July 6, 2007. Following entry of the protective order, Plaintiff Fjellman will within three days sign the releases at issue and deliver the signed releases to Defendant's counsel. The documents produced pursuant to the releases will be subject to the protective order.

**IT IS FURTHER ORDERED** that Defendant will re-notice the deposition of Zachary Campbell for a date on or before July 20, 2007, and the deposition will proceed as set out above.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 21, 2007         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 21, 2007         s/ Lisa C. Bartlett
                             Courtroom Deputy

6