UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWEN FJELLMAN,
et al.,
        Plaintiffs,         CIVIL ACTION NO.  06-CV-14470-DT

 VS.                           DISTRICT JUDGE DAVID M. LAWSON

FOREST HILL               MAGISTRATE JUDGE MONA K. MAJZOUB
COOPERATIVE,
        Defendant.
_____/


**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
FOR RECOVERY OF FEES, AND EXTENSION OF TIME
AND
DENYING DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' COUNSEL
TO PAY DR. JACKSON'S CANCELLATION FEE**

      This matter comes before the Court on two discovery motions.  Plaintiffs filed a Motion to Compel Discovery on October 4, 2007.  (Docket no. 31).  Defendant filed a Motion to Compel on October 24, 2007.  (Docket no. 38).  The parties have responded to each motion.  (Docket nos. 36, 47).  The parties have also filed a Joint Statement of Resolved/Unresolved Issues.  (Docket no. 41).  The Court head oral argument on November 20, 2007.  These motions were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket nos. 32, 39).  The motions are now ready for ruling.

      The parties in their Joint Statement of Issues outline the three issues still unresolved in both of these motions.  These issues are: (1) whether Claudia Myszke must appear for her deposition; (2) whether Defendant's counsel must reimburse Plaintiffs' counsel for copying charges paid; and (3)

whether Plaintiffs' counsel must pay the $850 cancellation fee of Dr. Jackson. The Court will address these issues in turn.[1]

A.   *Deposition of Claudia Myszke*

Rule 31(a)(1), Fed. R. Civ. P., allows a party to take the deposition of any person including a party. Claudia Myszke is the Manager of Defendant Forest Hills Cooperative where Plaintiffs reside and from which they are being evicted. Plaintiffs noticed Ms. Myszke's deposition for the second time set for October 1, 2007. (Docket no. 31, ex. 7). However, Defendant's counsel on September 28, 2007 cancelled her deposition because Plaintiffs refused to pay Dr. Jackson's cancellation fee. (*Id.* ex. 9). The Court will go into more detail on this fee below. However, for the purpose of this discussion it suffices to say that the fee is a separate matter from the deposition. It was improper for Defendant's counsel to cancel the deposition based on Plaintiffs' refusal to pay the cancellation fee. Accordingly, the Court will order that Ms. Myszke's deposition be promptly and properly noticed by Plaintiffs. Her deposition is to be completed no later than November 30, 2007.

With respect to Plaintiffs' request for costs and fees, the Court will take this issue under advisement. Plaintiffs may submit a brief in support on or before Tuesday, November 27, 2007. Defendant may respond on or before Friday, November 30, 2007.

B.   *Copying Charges*

Plaintiffs seek reimbursement from Defendant in the amount of $314.79. This is the difference in what they believe are reasonable copying charges for their tenant file which Defendant produced pursuant to a Request for Production and Subpoena Duces Tecum from Plaintiffs. (Docket no. 31, ex. 3; docket no. 36, ex. H). Plaintiffs do not contend that they should not have to pay the reasonable cost

---

[1] The Court will take the issue of costs and fees under advisement. The parties may approach Judge Lawson with requests for extensions of time to his scheduling order.

of the copying. The issue concerns the reasonableness of the charge. Plaintiffs do not allege that the charge of 26 cents per page made by Executive Printing Services, the printing company that copied the tenant file, is not its customary charge. (Docket no. 36, ex. I). The exhibits to Defendant's Response (exs. I & J) show that it has paid much more for copies of records. Plaintiffs argue that 8 cents per page would be a reasonable price. However, the fact that one copying store quoted Plaintiffs this price fails to show that another price is unreasonable. The file at issue contained over 1,500 pages. It is reasonable for a party to pay a copying store not only for the cost per page of copies but also for the store employees' time in making that many copies. The charge of 26 cents per page is reasonable. This portion of Plaintiffs' motion will therefore be denied.

C.   *Dr. Jackson's Cancellation Fee*

Defendant moves the Court to compel Plaintiffs to reimburse it for Dr. Jackson's charges when ZC, the minor child, failed to appear for his medical examination. Rule 35(a), Fed. R. Civ. P., allows a court to order a medical examination when the person's condition is in controversy and good cause is shown. Defendant did not request a court order, however. It simply served a Notice for the examination as it would for a deposition. (Docket no. 36, ex. B). Plaintiffs advised Defendant's counsel a day before the scheduled examination that ZC could not attend. This was too late to avoid the cancellation fee.

Defendant has not shown that serving a Notice of a medical examination is appropriate. Rule 35(a) anticipates a court order being issued. There are specific issues set out for the court to decide before issuing such an order such as whether the person's condition is in controversy and whether good cause for the examination has been shown. Defendant's method of noticing the examination avoids these protections. In addition, Defendant has not shown that Plaintiffs agreed to this date. Finally,

3

there is a factual dispute over whether Plaintiffs' counsel was told about the deadline for avoiding the cancellation fee. Accordingly, Defendant's motion to be reimbursed will be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (docket no. 31) is **GRANTED** to the extent that Plaintiffs shall promptly notice the deposition of Claudia Myszke which is to be completed no later than November 30, 2007, **AND IS OTHERWISE DENIED** with the issue of costs and fees taken under advisement.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (docket no. 38) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 26, 2007         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 26, 2007         s/ Lisa C. Bartlett
                                 Courtroom Deputy